UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRED PENNINGTON BROOKS, III
,

     Plaintiff,

v.                         Case No.:  3:20-cv-1314-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

This matter is before the Court on the Opposed Motion for Entry of Judgment with Remand. (Doc. 33). The parties consented to proceed before a Magistrate Judge for all proceedings. (Doc. 21). The Commissioner of Social Security seeks remand "for further administrative proceedings, including further consideration of the evidence regarding Plaintiff's impairments." (Doc. 33, p. 1). Plaintiff filed an Opposed Response to Motion to Remand (Doc. 35), requesting that the Court award benefits rather than remand this action to the Commissioner. After consideration of the submissions, the Court finds the Opposed Motion for Entry of Judgment with Remand (Doc. 33) is due to be granted.

Under sentence four of 42 U.S.C. § 405(g), the district court is authorized to "enter, upon the pleadings, transcript of the record, a judgment affirming, modifying,

or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). The district court may remand the action to the Commissioner for rehearing if the Court finds either the decision is not supported by substantial evidence, or the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim. *See Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (finding that a court may award disability benefits "where the Secretary has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt").

Based on Plaintiff's Memorandum with attachments (Doc. 32), Plaintiff's Opposed Response with attachments (Doc. 35), the Commissioner's Opposed Motion (Doc. 33), and the Court's review of the November 19, 2019 decision by Administrative Law Judge K. Barlow ("ALJ") (Tr. 21-33), the Court finds that remand to the Commissioner for further administrative proceedings is warranted. From the Opposed Motion, it is evident that the Commissioner seeks further administrative proceedings, which includes further consideration of the evidence regarding Plaintiff's impairments. (Doc. 33, p. 1). While Plaintiff has presented compelling evidence of the severity of his impairments, he has not established that the Commissioner has considered all of the essential evidence, and even if established, Plaintiff has not shown that the cumulative effect of the evidence clearly establishes disability beyond any doubt. *See Davis*, 985 F.2d at 534. For these

reasons, the Court finds remand to the Commissioner for further administrative proceedings is appropriate.

Accordingly, it is hereby **ORDERED**:

(1)    The Opposed Motion for Entry of Judgment with Remand (Doc. 33) is **GRANTED**.

(2)    Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed, and this case is remanded to the Commissioner for further administrative proceedings, including further consideration of the evidence regarding Plaintiff's impairments.

(3)    The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on January 27, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties